**NOT FOR PUBLICATION**

DEC 15 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL ALEJANDRO ZUNIGA, | No. 11-72343 |
| Petitioner, | Agency No. A072-907-590 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Manuel Alejandro Zuniga, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") order of removal.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review de novo constitutional claims and questions of law.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny in part and dismiss in part the petition for review.

Zuniga has not challenged the IJ's dispostive determination that he is removable under 8 U.S.C. § 1227(a)(2)(B)(i) based on his conviction for an offense relating to a controlled substance, and under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien convicted of a crime involving moral turpitude. Because he is removable on these two grounds, we need not reach his contentions regarding his third ground of removability.

We lack jurisdiction to review Zuniga's challenge to the IJ's discretionary denial of cancellation of removal, *see* 8 U.S.C. § 1252(a)(2)(B)(i), and he has not set forth a colorable constitutional claim or question of law over which we could otherwise exercise jurisdiction, *see Vilchez*, 682 F.3d at 1201 (exercising jurisdiction over due process issue, but holding no jurisdiction to review discretionary decision to deny cancellation of removal).

Zuniga has not established a due process violation based on his contention that his former immigration attorney provided ineffective assistance. *See Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010) (requiring compliance with *Matter of Lozada* requirements where ineffectiveness of counsel is not plain on the face of the record).

11-72343

We deny Zuniga's motion to augment the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**